CV 15 - 6811

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**ORIGINAL**

---

**MICHAEL J. KNEITEL,**

                              **Plaintiff,**

          -against-

**THE CITY OF NEW YORK,**
**RAYMOND SILVERY, ANTHONY PARILLA,**
**ROBERT ELZNIC,**
**DIANE ARIANO, MARISOLL GOMEZ,**
**LAURA LEE JACOBSON, LAUREN**
**BAILEY SCHIFFMAN,**
**THE STATE OF NEW YORK**
**UNIFIED COURT SYSTEM.**
                              **Defendant(s).**

---

**TRIAL BY JURY DEMAND**

**YES   XXXX   NO_____**

RECEIVED
NOV 30 2015
PRO SE OFFICE

GARAUFIS, J.

BLOOM, M.J.

Plaintiff in the above-captioned action alleges as follows:

**JURISDICTION.**

          This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States.  This action is brought pursuant to 42 U.S.C. §§1983.  The Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1342(3) and (4) and 2201.

**I.     PREVIOUS LAWSUITS.**
**A.**     Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?
YES (XX)   NO ( ).

**B.**     If your answer to A is Yes, describe the lawsuit.  If there is more than one lawsuit, describe the additional lawsuits.

i.     **1.**     Parties to this previous lawsuit:

               Plaintiffs:   **MICHAEL KNEITEL**

Defendant: **RAYMOND SILVERY, ANTHONY PARILLA, ROBERT ELZNIC, DIANE ARIANO, MARISOL GOMEZ, LAURA LEE JACOBSON, LAUREN BAILEY SCHIFFMAN, THE CITY OF NEW YORK, THE STATE OF NEW YORK UNIFIED COURT SYSTEM.**

2.  Court (if federal court, name the district; if state court, name the county).

**SUPREME COURT OF THE CITY OF NEW YORK, COUNTY OF KINGS.**

3.  DOCKET NUMBER

**026602/2011, 008267/2013**

4.  Name of Judge(s) to whom case was assigned:

**HONORABLE LAURA LEE JACOBSON,**

**HONORABLE LOREN BAILEY SCHIFFMAN,**

5.  Disposition:

**INDEX NO. 026602//2011: HONORABLE LAURA LEE JACOBSON DENIED PLAINTIFF'S APPLICATION FOR POOR PERSON RELIEF DESPITE ILLUSTRATING THAT PLAINTIFF WAS UNEMPLOYED AND HIS BANK ACCOUNTS WERE FROZEN BY CHILD SUPPORT SERVICES. PLAINTIFF FILED A MOTION TO RENEW AND REARGUE WHICH; WAS SUBSEQUENTLY DENIED BY THE HONORABLE LAURA LEE JACOBSON AS WELL.**
**INDEX NO. 008267/2013: HONORABLE LOREN BAILEY SCHIFFMAN DENIED PLAINTIFF'S APPLICATION FOR POOR PERSON'S RELIEF INDICATING THAT PLAINTIFF IS REQUIRED TO USE INDEX NUMBER 026602/2011. THE COURT REFUSED TO ACCEPT PLAINTIFF'S MOTION TO RENEW & REARGUE.**

6.  Approximate date of filing lawsuit:

**November 25, 2011: Index No. 026602/2011.**
**May 2, 2013: Index No. 008267/2013.**

7.  Approximate date of disposition:

**INDEX NO. 026602/2011: DECEMBER 6, 2012, SEPTEMBER 20, 2013.**

**INDEX NO. 008267/2013: MAY 6, 2013.**

**II.  PARTIES.**

**A.**              Plaintiff:    **MICHAEL KNEITEL**
                 Address:      450 Ocean Parkway (Apt 2D)
                             Brooklyn, New York 11218.

**B.  Defendant:**    THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a transportation authority which acts as its agent in the area of public transportation and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a transportation authority and the employment of officers as said risks attach to the public consumers of the services provided by the MTA.

**C.  Defendant:**    RAYMOND SILVERY, is an NYC MTA Assistant General Manager located at 180 Livingston Street, Brooklyn, New York 11201.

**D.  Defendant:**    ANTHONY PARILLA, is an NYC MTA General Superintendent located at 180 Livingston Street, Brooklyn, New York 11201.

**E.  Defendant:**    ROBERT ELZNIC, is an chair person for the TRANSPORT WORKERS UNION-LOCAL 106 which; is a Transit Supervisors Labor Organization/Union located at 5768 Mosholu Avenue, Bronx, New York 10471.

**F.  Defendant:**    DIANE ARIANO, is an Director of Human Resources for the NYC MTA located at 180 Livingston Street, Brooklyn, New York 11201.

**G.  Defendant:**    MARISOLL GOMEZ, is an Director of Human Resources for the NYC MTA located at 180 Livingston Street, Brooklyn, New York 11201.

**E.  Defendant:**    LAURA LEE JACOBSON, is employed as a JUSTICE OF THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF KINGS located at 360 Adams Street, Brooklyn, New York 11201.

**F.  Defendant:**    LOREN BAILEY SCHIFFMAN, is employed as a JUSTICE OF THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF KINGS located at 360 Adams Street, Brooklyn, New York 11201.

**III.          LIST OF DEFENDANTS**

**1.    THE CITY OF NEW YORK**

2.      **RAYMOND SILVERY**

180 Livingston Street
Brooklyn, New York 11201

3.      **ANTHONY PARILLA**
180 Livingston Street
Brooklyn, New York 11201

4.      **ROBERT ELZNIC**
5768 Mosholu Avenue
Bronx, New York 10471

5.      **DIANE ARIANO**
180 Livingston Street
Brooklyn, New York 11201

6.      **MARISOLL GOMEZ**
180 Livingston Street
Brooklyn, New York 11201

7.      **Hon. LAURA LEE JACOBSON**
360 Adams Street
Brooklyn, New York 11201

8.      **Hon. LOREN BAILEY SCHIFFMAN**
360 Adams Street
Brooklyn, New York 11201

IV.            **STATEMENT OF CLAIM.**

**PRELIMINARY STATEMENT:**

This action is to vindicate the civil rights of Michael Kneitel [hereinafter referred to as the Plaintiff],

a 53 year old white male, who was employed by the Metropolitan Transportation Authority [hereinafter referred to as the MTA] from August 2010 through March 2011. During plaintiff's employment with the MTA, the Transport Workers Union-Local 106 [hereinafter referred to as the TWU] deducted union dues from plaintiff's paycheck. Plaintiff filed for unemployment benefits and the MTA opposed citing job abandonment. Plaintiff filed a grievance with the TWU and, was told [plaintiff] was not a member and there was nothing the TWU could do.  Plaintiff also sought other employment from the MTA for which; plaintiff was deemed eligible by the MTA, but ultimately was denied. After exhausting all internal remedies, Plaintiff sought relief from the New York State

Unified Court System for declaratory relief, injunctive relief and, a Mandamus to Compel for all back pay.

Plaintiff first filed for relief on or about the 25 day of November 2011. At that time the Hon. Laura Lee Jacobson denied plaintiff's poor person relief. Plaintiff filed a Motion to renew and reargue poor person's relief and, after oral argument, judge Jacobson still denied plaintiff's poor person relief.

On or about the 2 day of May 2013, plaintiff, once again, filed for relief against the MTA. On or about the 6 day of May 2013, the Hon. Loren Bailey Schiffman denied the plaintiff's poor person's relief citing, plaintiff must use the same index number he used in 2011 [a case that has already been dismissed according to the NYS CPLR]. Plaintiff moved to renew and reargue. However, the Court refused to accept plaintiff's Motion to Renew & Reargue. Plaintiff, contacted Fern A. Fisher Director, NYS Courts Access to Justice Program Deputy Chief Administrative Judge of NYC Courts at 111 Centre Street New York, NY 10013. Plaintiff's cry to have his day in court was unheard and, plaintiff's rights of access to the courts, due process and, equal protection under the laws were trampled.

## FACTS:

On or about the 9 day of January 2011, plaintiff informed his superiors that he could not report to work because of back pains [sustained from shoveling snow from under a bus stuck on the side of the depot on or about the 26 day of December 2010] and subsequently received medical treatment until the 15 day of February 2011. Plaintiff tendered his medical authorization to return to work on that day but did not hear from the MTA. Plaintiff did not receive his paycheck for the prior two weeks not workers compensation for the weeks he was under his Doctor's care.

On or about the 17 day of February 2011, plaintiff met with MTA General Manager Ray Brennan and General Superintendent Anthony Parilla. At that time, plaintiff informed them of the Medical Letter of Clearance issued by plaintiff's physician and requested to return to work. On or about the 18 day of February 2011, plaintiff received an email message from General Superintendent Parilla, advising that plaintiff was being carried absent without leave "AWOL" and, advised to contact Herbert Ferguson. Plaintiff complied.
b

Plaintiff was directed to report for a medical examination on or about the 25 day of February 2011. On that day, plaintiff appeared with the medical papers he was given by his physician. No medical examination of any kind took place on that day. Instead, plaintiff was turned away and directed to return with the medical file from his physician.

Plaintiff requested the medical file from his attending physician and, advised the Doctor would only release a copy of the file when the Doctor had free time. Plaintiff

contacted the MTA and advised them of this problem and suggested that perhaps it would be quicker to obtain plaintiff's medical records through fax. The MTA rejected that suggestion. On or about the 16 day of March 2011, plaintiff's employment with the MTA was summarily terminated by NYC MTA Assistant Manager Raymond Silvery.

Plaintiff filed for unemployment insurance benefits and, the MTA protested plaintiff's eligibility citing: plaintiff "quit" his employment and was not eligible for unemployment insurance benefits. Plaintiff appealed and, the New York State Department of Labor investigated. Documents were collected from all parties involved. At the conclusion of the investigation, the New York State Department of Labor concluded that plaintiff was *NOT* AWOL and, did *NOT ABANDON* his job. Therefore, defendant's claim plaintiff was AWOL or abandoned his job was unfounded and, plaintiff *WAS ELIGIBLE* to receive unemployment insurance benefits.

Furthermore, plaintiff sought to recover his back pay as well as reinstatement to his prior title from Robert Elznic. Mr. Elznic is the chairperson of the Transit Workers Union-Local 106. Plaintiff argued since, the TWU-Local 106 had been collecting union dues from plaintiff since his first day of employment...plaintiff would be entitled to union representation and, recompense under the collective bargaining agreement. Mr. Elznic advised plaintiff he was not an actual member of the union and, was not entitled to union representation or filing a grievance under the collective bargaining agreement.

Plaintiff had applied to numerous civil service positions with the MTA. Plaintiff passed all of those exams and, was subsequently placed on a list with the MTA.

In August 2011, Plaintiff, was called by the MTA for the purposes of obtaining employment with the title Bus Chasis Maintainer. Despite being ranked as the #1 eligible candidate on the list...the MTA denied plaintiff employment and further stated the decision is not appealable.

Plaintiff, sought redress and explanation from the MTA human resources department. Plaintiff was advised his application was considered but they decided on another candidate. Plaintiff went to the NYC MTA Headquarters seeking help from the chairperson citing plaintiff scored the highest of all candidates on the list and, his qualifications as a Senior Master Technician make him the ideal candidate for the title however, plaintiff was not selected. After months of back and forth, no resolution was reached and plaintiff turned to the New York State Courts.

On or about the 28 day of November 2011, plaintiff filed a lawsuit against the MTA and, TWU. Judge Laura Lee Jacobson denied plaintiff's poor person relief. Plaintiff sought to renew and reargue his Poor Person Application with Judge Jacobson. Plaintiff argued is bank accounts were seized by the Office of Child support Enforcement and, plaintiff is currently unemployed and, the Office of Child Support Enforcement garnishes 50% of his unemployment benefits. Furthermore, plaintiff is seeking in his petition under Article 78 of the NYS CPLR a mandamus to compel the MTA for the requested relief and, denying plaintiff his poor person relief would effectively squash the

petition and deny access to the courts and justice. In September 2012, plaintiff's motion to renew and reargue was denied by Judge Jacobson.

On or about the 22 day of April 2013, plaintiff appeared, upon invitation by the MTA for an interview to the title (Provisional) Car Inspector. After spending approximately six hours at the employment center, plaintiff was advised to go home because his application was being reviewed. Plaintiff followed up and was told his application was denied. No further explanation was given.

On or about the 2 day of May 2013, Plaintiff commenced another lawsuit against the MTA for a judgment pursuant to NYS CPLR Article 78. Petitioner's papers were submitted to Supreme Court Justice Loren Bailey Schiffman. Judge Schiffman denied plaintiff's poor person application citing "Plaintiff must use prior index number 26602/2011." Plaintiff sought to file a Motion to Renew & Reargue based upon the court's misapprehension of the facts. Under NYS CPLR section 1101(d)...if the fee is not paid within 120 days of the order, the case would be dismissed. Therefore, the 2011 case was dismissed in 2012 and, the 2013 index number was the proper procedure. Moreover, if the court will deny plaintiff's poor person application, the plaintiff will be denied due process and access to the courts. Judge Schiffman refused to receive plaintiff's papers.

After attempting to resolve that matter within the Kings County Supreme Court at 360 Adams Street and, being turned away-plaintiff contacted the Hon. Fern Fisher, Deputy Chief Administrative Judge who sits as the Director of the NYS Courts Access to Justice Program plaintiff explained the matter in great detail and, ask her help so plaintiff may have access to justice and the courts. Ultimately, plaintiff was denied my due process, equal protection under the laws, access to the courts and justice because plaintiff was unable to pay the filing fees.

On or about the 12 day of July 2013, plaintiff appeared, upon invitation by the MTA for an interview to the title Train Operator. Once again, after spending approximately four hours at the employment center, plaintiff was advised to go home because his application was being reviewed. Plaintiff argued and, expressed his concern at being turned down once again and, advised the clerk to deny the application will result in a legal proceeding. Plaintiff was permitted to submit to a drug test and told to follow up on the results. Plaintiff followed up and was told he passed the drug screening but, his application was denied. No further explanation was given.

At one point, plaintiff's brother in law suggested he could possibly be able to help. He knows *MARK D. LEBOW,* Esq., Board Committee Chairperson: New York City Transit Authority personally and, as a favor he could pull a few strings and, the matter would be resolved. Plaintiff saw this as an ideal opportunity to avoid lengthy litigation and, compiled all of his papers, drafted a presentation letter outlining every detail and submitted the final package on or about the 25 day of July 2013. In May 2014, plaintiff was advised to commence a legal action against the MTA because there is "something" written in plaintiff's file that is so egregious; it precludes plaintiff from employment within the MTA.

In June 2014, plaintiff received a letter from the MTA. Plaintiff was summoned by the MTA to appear on or about the 7 day of July 2014, for appointment to the Title of Car Inspector (plaintiff's name was reached from the eligibility list compiled by the MTA).   Prior to that appointment date, plaintiff reached out to the Human Resources Director of the MTA-Ms. Marisol Q. Gomez.

Plaintiff expressed his concerns and, relayed his prior experiences with Ms. Gomez.  Plaintiff did not wish to have history repeat itself by just wasting everybody's time with the same end result (plaintiff's application being denied).  Ms. Gomez inquired why I keep seeking employment within the NYC MTA after being denied so many times. Plaintiff explained it is an opportunity to become part of this cities infrastructure. Plaintiff wanted to illustrate that despite whatever may be written in plaintiff's file from MTA Bus Company…it is false.  This would be an opportunity for redemption and, a chance for plaintiff to shine in the eyes of the NYC MTA.  Furthermore, plaintiff believes that everybody deserves a "second" chance.  If we look at the world of sports where players are arrested and convicted for drugs, domestic violence and even murder…those players are afforded a second, third, fourth and even more chances.

In the instant case, plaintiff illustrated to Ms. Gomez, there was never any disciplinary action held against plaintiff.  Plaintiff did not steal from the MTA, plaintiff was not derelict in his duties, the plaintiff came in early left late and, discharged his duties faithfully.  Plaintiff did absolutely nothing to antagonize the MTA warranting declaring plaintiff AWOL and abandoning his job.   The NYS Dept. of Labor, Unemployment Division investigated the claim made by the MTA which; alleged job abandonment and concluded that claim was unfounded.  Plaintiff suggested  the MTA bury the hatchet and, accept the olive branch plaintiff offers and, process his application. Ms. Gomez advised plaintiff to keep the appointment and proceed with the application process.

Plaintiff completed the application process and, was told to wait for correspondence from the MTA. Periodically, plaintiff would follow up on the application process and, was advised by Ms. Gomez…a letter is in the mail.  Weeks went by and, no letter came.  After a week of unreturned phone calls, plaintiff appeared at the MTA Human Resources Department seeking an audience with Ms. Gomez.  However, plaintiff was told Ms. Gomez is in a meeting and, would call back.  Later that afternoon, plaintiff called and, was able to speak with Ms. Gomez directly and, was told that a letter was in the mail.  Plaintiff pointed out to Director Gomez this letter was promised months ago, it doesn't take months for a letter to be delivered from zip code 11201 to zip code 11218. As Director, plaintiff asks for the results of the application.

Director Gomez advised plaintiff he would not be considered for any title within the MTA. No further explanation was given. Moreover, the decision cannot be appealed.

This is a textbook case of the defendant's intentional infliction of physical and emotional harm. Their conduct can only be described as extreme and outrageous.  There

8

is a definite intent to cause severe physical and emotional distress or total disregard of the substantial probability of severe emotional and physical distress.  Finally, there is a causal connection between the conduct and the injury.

## ARGUMENT:

### Breach of Covenant of Good Faith & Fair Dealings

Plaintiff was discharged wrongfully under the Breach of Covenant of Good Faith & Fair Dealing.  While employees in the State of New York are generally "at will" employees, there is a covenant of good faith and fair dealing attached.  When Plaintiff applied for the title of Maintenance Line Supervisor with the MTA, plaintiff was told the position offers job security, chance for promotion, overtime pay etc.  While in training for the title, plaintiff was told; "unless you steal from the company...the only way the company can get rid of you is to burn the building down to the ground."

### Insufficient Cause

Plaintiff argues his termination from employment was for insufficient cause. Cause for termination from employment is theft, violence, or threatening violence in the workplace.  Defendant MTA never alleged Plaintiff stole from the MTA, was belligerent or disrespectful with his co-workers and/or superiors.  Defendant specifically stated to the NYS Dept. of Labor, Unemployment Division that; "Plaintiff abandoned his job." Furthermore, after disclosure of the facts and a  hearing, the NYS Dept. of Labor Unemployment Insurance Division concluded; the Plaintiff Michael Kneitel did *not* abandon his job.

### Guise of False Statement of Fact

Defendant MTA has stated for the record; "Plaintiff was AWOL" and, "Plaintiff abandoned his job."  Plaintiff, never went AWOL.  To the contrary, plaintiff informed defendant MTA via phone and email to his Assistant general Superintendent and General Superintendent of his back injury [sustained on the job] and, doctors orders "rest and rehabilitation."  When Plaintiff appeared for the follow up medical appointment, plaintiff indicated to his physician he wanted to return to work and, asked for a medical letter of clearance.  Plaintiff tendered the letter of clearance to his supervisors and asked to be placed back on active duty.  Defendant never responded.  The NYS Dept. of Labor-Unemployment Division thoroughly investigated both sides and, concluded Plaintiff was *not* AWOL and, did *not* abandon his job.  Therefore, plaintiff was terminated under the guise of a false statement of fact.

## Breach of Employers Discharge Policy

Prior to appointment as Maintenance Line Supervisor, defendant, MTA did not require plaintiff to undergo and pass a physical examination. However, despite tendering the required "Medical Letter of Clearance," from a physician, defendant MTA ordered plaintiff to report for a physical examination to determine fitness. Plaintiff complied and attended the medical appointment. However, defendant did **_not_** conduct a physical examination of the plaintiff. Plaintiff was eventually discharged for failing to furnish his medical file which; was in his physician's possession and, defendant refused to contact plaintiff's physician to fax the entire file.

Moreover, the defendant has a history of failing to discharge employees truly deserving of termination. While under the employ of the defendant, plaintiff witnessed multiple incidents of employees deliberately "free loading" while on the clock. While training at the Casey Stengel Bus Depot in Flushing, New York, the Inspector General's Office raided the depot and found a mechanic asleep in the locker room 30 minutes into the shift. The mechanic was lying on a couch with his boots off and, a newspaper covering his face. Astonishingly, the mechanic was reinstated with back pay after a hearing.

Plaintiff was **_never_** afforded a hearing or due process. The defendant acted arbitrarily and irrationally by discharging plaintiff and, plaintiff more than speculates defendant's duly appointed designees placed disparaging, heinous information in plaintiff's record (unknown to plaintiff) which; now precludes plaintiff from appointment to another title within the MTA. Moreover, defendant **_refuses_** to disclose the information in plaintiff's file. Hence, plaintiff is unable to address and refute the factual inaccuracies and was denied his due process.

## Fraud & Failure to Represent

After plaintiff's employment was terminated by the MTA, plaintiff sought the help of the TWU-Local 106. Plaintiff had been paying union dues from the very beginning. Hence, there was a reasonable expectation plaintiff was a member of the union and, protected by the CBA. Therefore, the TWU had a legal obligation to represent the plaintiff to at the very least recover his wages from the MTA and, to represent plaintiff at a hearing for reinstatement. However, despite paying union dues every week, Robert Elznic informed plaintiff he was not a union member and, there was nothing he could do.

## Access to Justice and the Courts

Plaintiff has made every effort to allow the defendants MTA and, TWU-Local 106 to correct their own mistakes. Plaintiff simply wanted to get paid for the work he performed and, reinstatement to his old title. When that didn't happen, plaintiff reasonable expected his numerous civil service applications to be given the consideration it deserved. Plaintiff paid to take the civil service tests administered by the MTA.

Plaintiff passed those tests (MaBSTOA Bus Maintainer, Train Operator & Car Inspector), obtained standing on the list compiled by the MTA and, received letters from the MTA inviting plaintiff to participate in the employment process. However, that all proved to be illusory.

After exhausting his internal remedies, plaintiff turned to the New York State Supreme Court, Kings County for redress. Plaintiff found it extremely disheartening to find two Supreme Court Justices refused to approve his Poor Person Application. The New York State Unified Court System publishes their policy regarding Access to the Courts and Justice. The policy states as follows: "To ensure access to justice in civil and criminal matters for New Yorkers of all incomes, backgrounds and special needs, by using every resource, including self-help services, pro bono programs, and technological tools, and by securing stable and adequate non-profit and government funding for civil and criminal legal services programs." Obviously, these are only words not worth the paper it is written on. Plaintiff [unable to afford the filing fees] was denied his Constitutional right to redress of grievances and, access to the Courts.

The United States Constitution guarantees every citizen, including prisoners a fundamental constitutional right to use the court system. This right is based on the First, Fifth and Fourteenth Amendments to the Constitution. Under the First Amendment, you have the right to "petition the government for a redress of grievances," and under the Fifth and Fourteenth Amendments, plaintiff has a right to "due process of law." Put together, these provisions mean that every citizen must have the right to go to Court if their rights have been violated.

When these two Justices denied plaintiff's Poor Person Petition, they effectively deprived plaintiff of his constitutional right to due process, his right to access and use the Courts. Therefore, these Justices acted outside of the law and, should not be afforded absolute immunity from prosecution.

## CLAIM #1.

On or about March 16, 2011, and continuing to the present, in Brooklyn, New York, New York City Transportation Authority Assistant Manager **RAYMOND SILVERY**, in his individual and official capacity while acting under the color of state law, and exercising his administrative duties, intentionally and deliberately deprived plaintiff of his wages, Workers Compensation benefits and, intentionally tried to mislead the NYS Unemployment Benefits Review Board and knew or was supposed to know about the misconduct by his officers and or his duly appointed designees. Furthermore, Raymond Silvery either as an individual or, in concert with others deliberately and intentionally sought to smear the character and reputation of the plaintiff thereby blacklisting him from future employment within the agency. Hence, plaintiff, alleges defendant of misconduct, unlawful withholding of wages, the right to due process, equal protection under the laws and the right to gainful employment which; are guaranteed each and every citizen under the United States Constitution and Constitution of the State of

New York and, has acted in a manner designed to deliberately inflict physical, economic and emotional distress upon plaintiff.

## CLAIM #2.

On or about the 18 day of February 2011, and continuing to the present, in Brooklyn, New York, New York City Transportation Authority General Superintendent **ANTHONY PARILLA**, in his individual and official capacity, while acting under the color of State law, and exercising his administrative duties, intentionally and deliberately deprived plaintiff of his wages, Workers Compensation benefits, declared Plaintiff absent without leave (AWOL) thereby deliberately and knowingly placing in plaintiff's record a black mark from which plaintiff would never be considered for employment by the NYC MTA or any other City Agency. Hence, General Superintendent Anthony Parilla did knowingly and willfully deprive plaintiff of his right to retain and obtain gainful employment, plaintiff's right to  due process and equal protection under the laws which; are guaranteed each and every citizen under the United States Constitution and Constitution of the State of New York and, has acted in a manner designed to deliberately inflict physical, economic and emotional distress upon plaintiff.

## CLAIM #3.

On or about the 10 day of August 2010 through the present Chairman of the Transport Workers Union **ROBERT ELZNIC**, did knowingly and willfully accept union dues from plaintiff.  When plaintiff turned to the defendant and the Transport Workers Union for representation and assistance getting reinstated, the defendant Robert Elznic advised plaintiff that he was not a member of the Union despite paying the Union initiation fees and union dues.  Robert Elznic did knowingly and willfully act to deprive plaintiff of his right to due process, equal protection under the laws which; are guaranteed each and every citizen under the United States Constitution and Constitution of the State of New York and, has acted in a manner designed to deliberately inflict physical, economic and emotional distress upon plaintiff.

## CLAIM #4.

On or about the 1 day of December 2011 through May 2013, NYC MTA Director of Human Resources **DIANE ARIANO** in her individual and official capacity while acting under the color of state law, and exercising her administrative duties, intentionally and deliberately deprived plaintiff of his rights under the Equal Employment Opportunity Act. Plaintiff, paid for the opportunity to be considered for employment.  Plaintiff took the required tests and was deemed eligible for MaBSTOA bus mechanic and, was placed at the very top of the eligibility list due to plaintiff's knowledge, proficiency, experience and, perfect score on the test.  However, defendant deemed plaintiff ineligible and refused to disclose the reason(s).  Plaintiff, requested further explanation and the opportunity for a hearing but Ms. Ariano denied those requests which; deprived plaintiff of his right to retain and obtain gainful employment, plaintiff's right to  due process and equal protection under the laws which; are guaranteed each and every citizen under the

United States Constitution and Constitution of the State of New York and, has acted in a manner designed to deliberately inflict physical, economic and emotional distress upon plaintiff.

**CLAIM #5.**

On or about the 1 day of May 2013 through the present, NYC MTA Director of Human Resources **MARISOLL GOMEZ**, in her individual and official capacity while acting under the color of state law, and exercising her administrative duties, intentionally and deliberately deprived plaintiff of his rights under the Equal Employment Opportunity Act. Plaintiff, paid for the opportunity to be considered for employment. Plaintiff took the required tests and was deemed eligible for the title of Train Operator and NYC MTA Road Car Inspector. Plaintiff, was deemed eligible and brought in for a pre-employment interview. However, defendant deemed plaintiff ineligible and refused to disclose the reason(s). Plaintiff, requested further explanation and the opportunity for a hearing but Ms. Gomez denied those requests and further stated plaintiff will never work for the NYC MTA which; deprived plaintiff of his right to retain and obtain gainful employment, plaintiff's right to due process and equal protection under the laws which; are guaranteed each and every citizen under the United States Constitution and Constitution of the State of New York and, has acted in a manner designed to deliberately inflict physical, economic and emotional distress upon plaintiff.

**CLAIM #6.**

On or about November 25, 2011 and continuing to the present, in Brooklyn, New York, New York State Supreme Court County of Kings, Justice **LAURA LEE JACOBSON**, in her individual and official capacity individual and official capacity as New York City Civil Court Justice, while acting under the color of law, denied plaintiff's poor person application and summarily dismissed plaintiff's Motion to Renew & Reargue with prejudice. Thereby, deprived plaintiff of his right to reasonable access to the courts, a full, fair and impartial hearing, due process and equal protection under the laws which; are guaranteed every citizen under the United States Constitution and Constitution of the State of New York and has acted in a manner designed to inflict economic, physical and emotional distress upon plaintiff.

**CLAIM #7.**

On or about May 6, 2013 and continuing to the present, in Brooklyn, New York, New York State Supreme Court County of Kings, Justice **LAUREN BAILEY SCHIFFMAN**, in her individual and official capacity individual and official capacity as New York City Civil Court Justice, while acting under the color of law, denied plaintiff's poor person application and refused to accept plaintiff's Motion to Renew & Reargue with prejudice. Thereby, deprived plaintiff of his right to reasonable access to the courts, a full, fair and impartial hearing, due process and equal protection under the laws which; are guaranteed every citizen under the United States Constitution and Constitution of the

State of New York and has acted in a manner designed to inflict economic, physical and emotional distress upon plaintiff.

## V.        RELIEF.

**WHEREFORE,** the Plaintiff, Michael Kneitel requests that this Court:

(1) Assume jurisdiction over this matter;

(2) As a predicate to awarding compensatory relief, declare that each and every one of these defendants violated Michael Kneitel's right to be compensated for the services rendered, right to be gainfully employed, right to obtain gainful employment without prejudice, the defendant's terminated plaintiff's employment without cause and fabricated a reason to justify terminating his employment without hearing or union representation and;

(3) That each and every one of these defendants violated plaintiff's right to due process and equal protection under the laws and;

(4) Award compensatory damages in the amount of $10,000,000.00 and;

(5) Award punitive damages in the amount of $10,000,000.00 and;

(6) As a predicate to awarding compensatory relief, declare both Justices Laura Lee Jacobson and Lauren Bailey Schiffman acted outside of the law by violating both the New York State CPLR, volumes of case law established and, NYS policy granting access to the courts and waiving the filing fees for the indigent thereby, depriving plaintiff reasonable access to the Courts, a full, fair and impartial hearing and, deprived plaintiff of his rights to due process and equal protection under the laws and;

(7)  Order the defendant's to expunge any and all derogatory comments placed in plaintiff's file, deem plaintiff eligible for employment and, compel defendant's to reconsider and,  process plaintiff's application for employment and;

 (8)  Grant any other further relief this Court deems fit and proper.

**SIGNED THIS 30 DAY OF NOVEMBER 2015. I DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE.**

**MICHAEL J. KNEITEL**
**450 OCEAN PARKWAY (APT 2D)**
**BROOKLYN, NEW YORK 11218**