FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 3 1 2016 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MICHAEL J. KNEITEL,

        Plaintiff,

-against-

THE CITY OF NEW YORK, RAYMOND
SILVERY, ANTHONY PARILLA, ROBERT
ELZNIC, DIANE ARIANO, MARISOLL
GOMEZ, LAURA LEE JACOBSON, LAUREN
BAILEY SCHIFFMAN, THE STATE OF NEW
YORK UNIFIED COURT SYSTEM,

        Defendants.
----------------------------------------------------------X

**MEMORANDUM & ORDER**

15-CV-6811 (NGG) (LB)

NICHOLAS G. GARAUFIS, United States District Judge.

On November 30, 2015, pro se Plaintiff Michael J. Kneitel initiated the instant civil rights action pursuant to 42 U.S.C. § 1983, relating to the termination of his employment by the Metropolitan Transportation Authority ("MTA"). (Compl. (Dkt. 1).) Plaintiff names as Defendants: (1) The City of New York; (2) Raymond Silvery; (3) Anthony Parilla; (4) Robert Elznic; (5) Diane Ariano; (6) Marisoll Gomez; (7) the Honorable Laura Lee Jacobson; (8) the Honorable Loren Baily-Schiffman;[1] and (9) the State of New York Unified Court System. (Id.) On the same day, Plaintiff moved for leave to proceed in forma pauperis. (Mot. for Leave to Proceed In Forma Pauperis (Dkt. 2).) Because Plaintiff's financial status as set forth in his motion qualifies him to commence this action without prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1), Plaintiff's motion to proceed in forma pauperis is GRANTED. However, for the reasons set forth below, Plaintiff's claims against Justice Jacobson, Justice Baily-

---

[1] Plaintiff misspells the name of the Honorable Loren Baily-Schiffman throughout the Complaint, alternatively referring to Justice "Laura Bailey Schiffman" or "Loren Bailey Schiffman." (See, e.g., Compl. at 1, 2, 7.)

1

Schiffman, the State of New York Unified Court System, the City of New York, and Robert Elznic are DISMISSED sua sponte.

## I. BACKGROUND

Plaintiff is a 53-year-old white male. (Compl. at 4.) He alleges that he was employed by the MTA from August 2010 until March 2011. (Id.)

The events forming the basis of this Complaint began on or about January 9, 2011, when Plaintiff notified his supervisors at the MTA that he could not report to work due to a work-related injury. (Id. at 5.) Plaintiff remained out of work for medical treatment until his doctor cleared him to return on February 15, 2011. (Id.) Plaintiff alleges that he received neither a paycheck for the two weeks prior to his return, nor workers compensation benefits for the time he was under medical treatment. (Id.) On February 17, 2011, Plaintiff met with non-party Ray Brennan, and Defendant Anthony Parilla, a General Superintendent of the MTA. (Id.) Plaintiff informed Brennan and Defendant Parilla that he had been medically cleared to work and requested that he be permitted to return. (Id.) The next day, Defendant Parilla advised Plaintiff that the MTA considered his prior absence to be without leave. (Id.) Plaintiff alleges that on March 16, 2011, Defendant Raymond Silvery, an Assistant Manager of the MTA, terminated his employment. (Id. at 6.)

Subsequent to his termination, Plaintiff filed for unemployment insurance benefits. (Id.) The MTA objected to Plaintiff's eligibility, arguing that Plaintiff was not terminated, but that he had quit. (Id.) Plaintiff alleges that the New York State Department of Labor investigated the claims, and ultimately found that Plaintiff did not quit his job with the MTA and was entitled to unemployment insurance benefits. (Id.) Plaintiff then sought the assistance of Defendant Robert Elznic, chairperson of the Transport Workers Union-Local 106 ("TWU"), to be reinstated to his old job with back pay. (Id.) Plaintiff alleges that Defendant Elznic advised him that he was not

a member of TWU, notwithstanding that dues had been deducted from Plaintiff's paychecks. (Id.) Because he was not a union member, Plaintiff was neither entitled to union representation nor had the right to file a grievance under the collective bargaining agreement. (Id.)

In the following months, Plaintiff continued his efforts to be reinstated by the MTA, and also applied for other MTA positions. (Id.) He states that he passed numerous civil service exams required by the MTA for employment. (Id.) In August 2011, Plaintiff interviewed to be a Bus Chassis Maintainer. (Id.) The MTA did not hire him, even though Plaintiff claims that he was "ranked as the #1 eligible candidate." (Id.) Plaintiff complained to the Human Resources Department, but to no avail. (Id.)

On November 28, 2011, Plaintiff sued the MTA and the TWU in the Supreme Court of the State of New York, Kings County. (Id.) The case was assigned to Defendant The Honorable Laura Lee Jacobson. (Id.) Plaintiff moved to proceed in forma pauperis, and sought injunctive and declaratory relief and a mandamus to compel back pay. (Id.) Justice Jacobson denied Plaintiff's in forma pauperis application. (Id.) In September 2012, Justice Jacobson denied Plaintiff's subsequent motion to renew and reargue the application. (Id. at 6-7.)

On or about April 22, 2013, Plaintiff interviewed unsuccessfully for a position as a Provisional Car Inspector for the MTA. (Id. at 7.) On May 2, 2013, Plaintiff initiated a new action against the MTA in the Supreme Court of the State of New York, Kings County, pursuant to Article 78 of the New York Civil Practice Law and Rules. (Id.) The case was assigned to Defendant The Honorable Loren Baily-Schiffman. (Id.) Plaintiff again moved to proceed in forma pauperis, and was denied. (Id.) Justice Baily-Schiffman directed Plaintiff to "use prior index number," i.e., proceed in the case over which Justice Jacobson presided. (Id.) Plaintiff's application to renew and reargue was rejected. (Id.)

On July 12, 2013, Plaintiff interviewed with the MTA for a Train Operator position, but was not hired. (Id.) In June 2014, MTA invited Plaintiff to interview for the position of Car Inspector. (Id. at 8.) Prior to this interview, Plaintiff spoke with Defendant Marisoll Gomez, a Human Resources Director of the MTA. (Id.) Defendant Gomez heard Plaintiff's arguments about why he should be hired and she advised Plaintiff to report for his interview. (Id.) Plaintiff interviewed, but again was not hired. (Id.) Defendant Gomez then allegedly notified Plaintiff that "he would not be considered for any title within the MTA." (Id.)

On November 30, 2015, Plaintiff filed the current action pursuant to 42 U.S.C. § 1983, alleging that the MTA unlawfully terminated his employment and refused to rehire him, that Defendant Elznic erroneously informed him that he was not a TWU member and denied him representation, and that Justice Jacobson, Justice Baily-Schiffman, and the State of New York Unified Court System improperly denied him access to justice and the courts. (Id. at 9-11.)

## II. LEGAL STANDARD

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Accordingly, "the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted). Moreover, at the pleadings stage, a court must assume the truth of "all well-pleaded, nonconclusory factual allegations." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). However, a plaintiff must still plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Furthermore, a district court must dismiss sua sponte an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails

to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also Merced v. City of New York, No. 14-CV-6285 (WFK), 2014 WL 5682516, at *1 (E.D.N.Y. Nov. 3, 2014).

## III. DISCUSSION

### A. Justice Jacobson and Justice Baily-Schiffman

Plaintiff argues that Justice Jacobson and Justice Baily-Schiffman "deprived plaintiff of his right to reasonable access to the courts, a full, fair and impartial hearing, due process and equal protection under the laws" by denying his in forma pauperis applications and subsequent motions to renew and reargue. (Compl. at 13-14.) However, "[i]t is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009). "[I]mmunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (citations omitted). Acts are judicial in nature where "they arise out of, or related to, individual cases before the judge." Bliven, 579 F.3d at 210. Here, Plaintiff's only complaint against Justice Jacobson and Justice Baily-Schiffman relate to the denials of his in forma pauperis applications in the respective cases before the justices. (See, e.g., Compl. at 13-14.) He complains that the motions were erroneously or improperly decided against him. In other words, Plaintiff does not argue that these denials are "nonjudicial actions" or that the

justices lacked jurisdiction to decide his motions. Justice Jacobson and Justice Baily-Schiffman are thus immune from this suit, and claims against them must be dismissed.[2]

B. **State of New York Unified Court System**

The State of New York Unified Court System is also entitled to immunity. Absent an express waiver, the Eleventh Amendment of the United States Constitution bars any action by a private party against a State in federal court. P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). "[T]he principle of sovereign immunity is a constitutional limitation on the federal judicial power established in Article III." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984). Immunity "extends beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." Woods v. Rondout Valley Sch. Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006) (quoting Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997)). "[T]he New York State Unified Court System is unquestionably an arm of the State [of New York], and is entitled to Eleventh Amendment sovereign immunity." Gollomp v. Spitzer, 568 F.3d 355, 368 (2d Cir. 2009) (citation and internal quotation marks omitted). All claims against the State of New York Unified Court System must therefore be dismissed.

C. **City of New York**

Plaintiff's claims against the City of New York are also rejected. A municipality like the City of New York cannot be held liable pursuant to 42 U.S.C. § 1983 under a theory of respondeat superior. Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 692 (1978). A

---

[2] Plaintiff does not appear to seek injunctive relief as it relates to the claims against Justice Jacobson and Justice Baily-Schiffman. (See Compl. at 14.) The court notes that even if he had, injunctive relief is unavailable against a judicial officer for a judicial action or omission "unless a declaratory decree was violated or declaratory relief was unavailable." See Rodriguez v. Trager, No. 10-CV-0781 (ARR) (LB), 2010 WL 889545, at *2 (E.D.N.Y. Mar. 8, 2010).

municipality is liable for the constitutional violations of its employees only when violations result from the municipality's official policy. See id. at 693. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick v. Thompson, 563 U.S. 51, 61 (2011). Plaintiff does not allege any such policy or practice here. In fact, although Plaintiff names the City of New York as a defendant, the Complaint's factual allegations do not mention the City of New York. Because the Complaint fails to state a claim for Monell liability, the City of New York must be dismissed from this action. See, e.g., Merced, 2014 WL 5682516, at *2.

### D. Robert Elznic

Claims against Defendant Robert Elznic are also rejected. Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." Morris-Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist., 423 F.3d 153, 159 (2d Cir. 2005). To maintain a claim under § 1983, a plaintiff must first allege that "the conduct complained of [was] committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted); see also 42 U.S.C. § 1983. Plaintiff alleges that Elznic was the chairperson of the Transport Workers Union-Local 106, and that Elznic and the TWU refused to assist Plaintiff in his claims against the MTA despite having accepted union dues from Plaintiff. (Compl. at 12.) However, there are no allegations that Elznic acted under color of state law. See Perry v. Metro. Suburban Bus Auth., 390 F. Supp. 2d 251, 262-63 (E.D.N.Y. 2005) (dismissing § 1983 claims against Transport Workers Union-Local 252 because it was not a state actor). Because Plaintiff has not alleged that Elznic was acting under color of state law, claims against Elznic are dismissed.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed in forma pauperis is GRANTED, but claims against Justice Jacobson, Justice Baily-Schiffman, the State of New York Unified Court System, the City of New York, and Robert Elznic are sua sponte DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). No summons shall issue as to these Defendants and the Clerk of Court is respectfully DIRECTED remove them from the caption. Plaintiff's claims against Raymond Silvery, Anthony Parilla, Diane Ariano, and Marisoll Gomez shall proceed, and the United States Marshal Service is respectfully DIRECTED to serve the summonses, Complaint, and this Memorandum and Order upon them without prepayment of fees. Finally, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
August 31, 2016

/S/ Judge Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge